■ In the Matter of CEDO PAVLOVIC, Appellant, v MARY A. PAVLOVIC, Also Known as MARY A. DEL ZOTTO, Respondent.—

The petitioner father and the respondent mother were married in 1979, their son was born on October 30, 1980, and they were divorced in March 1982. The respondent remarried in December 1982, and in April 1985 she and her new husband sought an order permitting her new husband to adopt the child. The petitioner refused to consent to the adoption and instead brought a petition seeking enforcement of his visitation rights contained in the judgment of divorce. Both matters came on before the Family Court, Queens County, which held a hearing on the mother's contention that the father's consent to adoption was not required on the ground of abandonment *(see,* Domestic Relations Law § 111 [2] [a]).

At the hearing, the petitioner testified that he visited with his son twice while his wife was living with her parents prior to her remarriage. On each occasion he gave her $50 (although the judgment of divorce ordered him to pay $20 per week for child support). After her remarriage, the respondent admitted in her testimony that she moved out of her parents' home without informing the petitioner of her whereabouts. She made no efforts to contact him thereafter and never asked him for support because she did not need the money. According to the petitioner, he called her parents but they refused to tell him where the respondent was and threatened to call the police if he came to the house. He went to her last place of employment but her former employer did not tell him where she was currently working. Not knowing her new surname, he did not consult a telephone book. The petitioner last saw his

son when he was five months old. The respondent has not told the child about the petitioner because she feels he is too young and the child believes that the respondent's husband is his father.

The Family Court appointed a Law Guardian for the child and ordered evaluations by the Probation Department and a psychiatrist. The recommendations were unanimous that the adoption should not proceed and the petitioner should have an opportunity to become reacquainted with his son through supervised visitation. The petitioner is agreeable to supervised visits since he understands that he is a stranger to his son.

On this record, we find that the Family Court abused its discretion in finding, as a matter of law, that the petitioner abandoned his son, thus dispensing with the need for his consent to the adoption. "There is a heavy burden placed upon one who seeks to terminate the rights of a natural parent through adoption (see, Matter of Corey L v Martin L, 45 NY2d 383)" (Kaplan v Meskin, 108 AD2d 787, 788) and the Court of Appeals has stated that "[a]bandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights—a withholding of interest, presence, affection, care and support" (Matter of Corey L v Martin L, supra, at p 391). Where, as here, the evidence indicates that a parent's efforts to visit, contact or communicate with his child have been thwarted or interfered with, a finding of abandonment as a matter of law is improper and unjustified since there is no showing of a "purposeful ridding of parental obligations * * * [nor] a withholding of interest, presence, affection, care and support" (Matter of Corey L v Martin L, supra, at p 391; see, Kaplan v Meskin, supra, at pp 788-789; cf. Matter of Michael David K., 78 AD2d 901). We find the facts here insufficient to establish abandonment, and, therefore, the respondent's application to dispense with the petitioner's consent to the proposed adoption is denied.

In view of the Law Guardian's recommendation, concurred with by the Probation Department and the examining psychiatrist, that the petitioner be permitted supervised visitation with his son, we hereby remit the matter to the Family Court for consideration of the petitioner's petition to enforce his visitation rights. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.