■ In the Matter of EUGENE MM., an Infant. ANTHONY NN. et al., Respondents; EUGENE MM., Appellant.—Weiss, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 10, 1986, which, in a proceeding pursuant to Domestic Relations Law article 7, dispensed with the necessity of obtaining respondent's consent to the adoption of his child.

The child who is the subject of this adoption proceeding was born out of wedlock on February 28, 1982. Petitioners, the natural mother and her husband, who were married on April 28, 1984, commenced the instant proceeding to authorize the husband to adopt the child. Respondent is the natural father, paternity having been established by a prior order of filiation. The crux of this appeal is whether Family Court properly dispensed with the necessity of respondent's consent to the adoption.

Commencing six months after the birth of a child born out of wedlock, consent of the natural father to the adoption of the child by another person is required only under specific conditions. Initially, for consent to be required, the natural father must demonstrate that the threshold criteria set forth in Domestic Relations Law § 111 (1) (d) have been satisfied *(Matter of Andrew Peter H. T.,* 64 NY2d 1090; *Matter of Jennifer R. C.,* 130 Misc 2d 461). This statute requires the natural father to show that he has maintained a substantial and continuous relationship with the child by means of support and either monthly visitation or regular communication *(supra).* Once the natural father has met his burden of demonstrating compliance with both the support and communication requisites of the statute, the court must then inquire further whether an abandonment of the child within the meaning of Domestic Relations Law § 111 (2) (a) has occurred *(supra).*

This record convincingly confirms that respondent failed to meet any of the criteria set forth in Domestic Relations Law § 111 (1) (d). Shortly after the child's birth, respondent was incarcerated until November 1982. He was again arrested in early 1983 and ultimately sentenced to a term of 5 to 15 years' imprisonment. The mother, whose testimony was accredited by Family Court, testified that there was no contact with respondent from approximately August 1983 until May 7, 1985, when he responded to her request for consent to the adoption. She further testified that respondent has never made any support payments and has only visited with the child on approximately five occasions, the last being in December 1982. While respondent maintains that he corresponded

with the mother in September 1983 and May 1984, Family Court accepted her testimony that such letters were never received. Family Court further rejected respondent's explanation that the failure to maintain contact with the child was due to the mother's interference.

Giving due regard to respondent's incarceration, there is ample basis in the record for Family Court's conclusion that he never requested visitation, provided support, or in any manner attempted to communicate with the child for a period of almost two years. Moreover, it is painfully evident that respondent has never attempted to establish a meaningful relationship with the child at any point. In our view, respondent failed to meet the threshold criteria needed to require his consent to the adoption (see, Matter of Andrew Peter H. T., supra; Matter of Terry DD., 105 AD2d 955; Matter of Jennifer R. C., supra). Respondent's subjective desire to maintain a relationship with the child, expressed since the adoption issue has arisen, does not compel a different result (see, Domestic Relations Law § 111 [1] [d]). Although it is not necessary to reach the further question of whether respondent abandoned the child, the record provides clear and convincing evidence that respondent has in fact done so (see, Domestic Relations Law § 111 [2] [a]; see also, Matter of Amy SS., 64 NY2d 788, revg 100 AD2d 657; Matter of Lisa Marie F., 110 AD2d 993, lv denied 65 NY2d 603).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.