■ In the Matter of JOSEPH MICHAEL D.—Order unanimously reversed on the law and facts, with costs, and petition dismissed. Memorandum: Respondent appeals from an order

of Family Court which dispensed with her consent to the proposed adoption of the parties' seven-year-old son by the current wife of petitioner, respondent's ex-husband. The court found that respondent had abandoned the child by her failure to have any contact with him, although able to do so, for a period of six months *(see,* Domestic Relations Law § 111 [2] [a]).

The court erred in finding abandonment. Based on our review of the record, we find that respondent's failure to visit the child was attributable to petitioner's threats to terminate visitation between the child and respondent's parents if respondent had any contact with the boy. Respondent and the maternal grandfather testified clearly and consistently that petitioner threatened to terminate grandparent visitation if respondent called petitioner's house, saw the child during visitation with his grandparents, or even if the grandparents displayed photographs of respondent to the boy or mentioned her in his presence. Respondent and her father also testified that they complied with petitioner's instructions out of fear that he would carry out his threats and refuse grandparent visitation. Such compliance included the extraordinary measure of respondent being required to leave her parents' house, where she was then living, during the boy's weekend visits. Petitioner's testimony denying that he made such threats was weak and unconvincing and, in fact, established that he had instructed the maternal grandparents that respondent was not to see the child. Since respondent's lack of contact with the child was the result of petitioner's interference with her parental rights, such lack of contact did not establish respondent's intent to forego her parental rights *(see, Matter of Goldman,* 41 NY2d 894, 896; *Matter of Shaun Christopher M.,* 124 AD2d 1025, 1026). Thus, petitioner has failed to carry his heavy burden of establishing abandonment by clear and convincing evidence *(Matter of Goldman, supra).* (Appeal from order of Monroe County Family Court, Sciolino, J.—adoption.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.