■ In the Matter of MICHAEL CHAD M. BRADLEY S. D. et al., Respondents; CHARLES J. M., Appellant.—In an adoption proceeding pursuant to Domestic Relations Law § 111, the father appeals from an order of the Surrogate's Court, Nassau

County (Radigan, S.), dated September 28, 1987, which, after a hearing, granted the petitioners' application to dispense with the necessity of his consent to the adoption of his son by the petitioner Bradley S. D. on the ground of abandonment.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitioners' application to dispense with the appellant's consent for the adoption of his son is denied, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings consistent herewith.

The instant adoption proceeding was commenced by the child's mother, the petitioner Deidra D., and by her husband, the petitioner Bradley S. D. They sought termination of the natural father's parental rights, without his consent, on the ground of abandonment (see, Domestic Relations Law § 111). Prior to the institution of this proceeding, the mother had obtained an order of protection against the natural father from the Supreme Court, Nassau County (Levitt, J.). This order, in addition to precluding the father from having "any contact, oral or physical" with the child, also declared that his "behavior and conduct constitutes an abandonment of his infant son".

Initially, we note that the Supreme Court's declaration of an abandonment of the child on the part of his natural father may not be given preclusive effect in the subsequent adoption proceeding. As the Surrogate indicated in his decision, the facts and circumstances considered by the Supreme Court were not disclosed during the course of the adoption proceeding. However, in order to preclude relitigation of a particular issue of fact, the proponent of collateral estoppel must demonstrate that the issue in the prior action was identical to and, therefore, decisive of, the issue raised in the current action (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65). The present record is devoid of any information pertaining to the substantive matters considered by the Supreme Court. Although the petitioners did offer the Supreme Court order as proof of an abandonment, the underlying facts upon which the order was based were not revealed. In the absence of information disclosing an identity of issues, the prior Supreme Court order may not be deemed conclusive proof of the matters involved in this proceeding. Accordingly, the Surrogate's Court acted appropriately in engaging in a de novo assessment of the question of abandonment.

We, however, disagree with the Surrogate's Court to the extent that it concluded that there was an abandonment of

the child by his natural father. Rather, the evidence reveals that the father's efforts to maintain contact with his son were necessarily impeded by the protective order, which had been procured by the mother. As indicated, this protective order directed that the father "refrain from any contact, oral or physical, with [the child] at any time or place".

Domestic Relations Law § 111 (2) (a) provides that the consent of a natural parent to an adoption may be dispensed with if that parent evinces an intent to forego his parental rights and obligations as manifested by a failure to visit or communicate with the child, although able to do so, for a period of six months. We find that the foregoing criteria have not been satisfied in the present case, by virtue of the outstanding protective order issued against the father. As we held in *Matter of Pavlovic v Pavlovic* (124 AD2d 732, 733): "[w]here, as here, the evidence indicates that a parent's efforts to visit, contact or communicate with his child have been thwarted or interfered with, a finding of abandonment as a matter of law is improper and unjustified since there is no showing of a 'purposeful ridding of parental obligations * * * [nor] a withholding of interest, presence, affection, care and support' *(Matter of Corey L v Martin L* [45 NY2d 383], at p 391)." Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.