■ In the Matter of DEVORAH LEAH B.  JOSEPH G., Respondent; FARAJOLLAH B., Appellant.—In an adoption proceeding, the natural father appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated February 21, 1988, which, after a hearing, determined that his consent to the adoption was not required since he had abandoned his child, and granted the petition for adoption.

Ordered that the order is affirmed, with costs payable by the appellant.

The child Devorah Leah was born in Florida on March 31, 1979. Her parents separated shortly after her birth, and were divorced in June 1979. Devorah Leah and her mother moved

to Ohio for six months, where they lived with the maternal grandparents. They then settled in Brooklyn, where the mother married the petitioner in February 1981. The instant proceeding was commenced in November 1986.

At the hearing, the natural mother testified that since the divorce the natural father made no attempts to see or speak to Devorah Leah. He did, however, continue to send support payments for her until February 1981, when the natural mother remarried and the support checks abruptly stopped. According to the natural father, who lived in California at the time of this proceeding, the natural mother thwarted his first weekly and then monthly attempts to contact Devorah Leah by telephone. He claimed that he was also prevented from seeing Devorah Leah on the three occasions during a year when he came to New York for religious purposes, but that his two daughters from a previous marriage lived in Brooklyn and kept him apprised of Devorah Leah's progress. With respect to the support payments, the natural father explained that when Devorah Leah's mother remarried she returned his checks and said she did not want them anymore.

On this record, it cannot be said that the Surrogate erred in concluding that the credible evidence established that the natural father "evince[d] an intent to forego * * * parental * * * rights and obligations as manifested by his * * * failure for a period of six months to visit [Devorah Leah] and communicate with [her] or [a] person having legal custody of [her] although able to do so" (Domestic Relations Law § 111 [2] [a]; cf., *Kaplan v Meskin,* 108 AD2d 787). Though the natural father claims to have made numerous long distance telephone calls in an effort to communicate with Devorah Leah, he offered absolutely no objective proof of his attempts *(see, Matter of Amy SS.,* 100 AD2d 657, 658, *revd* 64 NY2d 788, *on dissenting opn of Kane and Levine, JJ.).* Furthermore, though he made general claims that he did attempt to visit Devorah Leah during the eight years between his separation from her mother and the hearing, he could only specifically recount one attempt. In this regard, we note that the explanations proffered for the natural father's total failure to enforce the liberal visitation rights granted to him pursuant to a separation agreement are unavailing *(see, Matter of Jennifer Lauren D.,* 110 AD2d 699). Finally, the natural father offers no explanation for his lack of any effort to insure that Devorah Leah received the financial support to which she was entitled.

Accordingly, we conclude that the petitioner has met the "heavy burden" of establishing that the natural father aban-

doned Devorah Leah and thus, his consent to the adoption was not required *(see, Matter of Corey L v Martin L,* 45 NY2d 383, 386). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.