■ In the Matter of SHARON H., Respondent, v DAVID FOSTER et al., Appellants. (Proceeding No. 1.) In the Matter of NICHOLE H. MERELENE A. FOSTER et al., Appellants; SHARON H., Respondent. (Proceeding No. 2.)—In a child custody proceeding pursuant to Family Court Act article 6, the natural father and his wife appeal, by permission, as limited by their brief, from so much of an order of the Family Court, Kings County (Tejada, J.), dated April 6, 1989, as granted the natural mother pendente lite visitation, and in an adoption proceeding pursuant to Domestic Relations Law § 111, the natural father and his wife appeal from an order of the same court (Demarest, J.), dated March 17, 1989, which dismissed the proceeding without prejudice pending determination of the custody proceeding.

Ordered that the orders are affirmed, without costs or disbursements.

The instant custody proceeding was commenced by the child's natural mother in December 1988 after she learned the whereabouts of her nine-year-old daughter. Thereafter, in January 1989, the child's natural father and his wife commenced an adoption proceeding seeking termination of the natural mother's parental rights, without her consent, on the ground of abandonment *(see,* Domestic Relations Law § 111). The adoption proceeding was dismissed without prejudice, pending the determination of the custody proceeding. After a hearing, the Family Court found that the natural mother had not abandoned her daughter and granted her temporary supervised visitation. We affirm.

The natural mother's hearing testimony, as credited by the Family Court, indicates that she left her then three-month-old daughter in Jamaica in 1979 so that she could emigrate to the United States and make a better life for herself and her daughter. Upon her return to Jamaica in 1982, the natural mother was told that her daughter would be kept from her if

she refused the natural father's marriage proposal. There is evidence that the natural father subsequently hid the child from her mother to prevent her from taking the child to the United States. After returning to the United States, the natural mother heard that her daughter was in Texas and attempted to locate her there by contacting the United States Embassy as well as the child's paternal grandparents in Jamaica, both without success. Despite persistent efforts, the natural mother did not locate her daughter until years later in December 1988.

Domestic Relations Law § 111 (2) (a) provides that the consent of a natural parent to an adoption may be dispensed with if that parent evinces an intent to forego his or her parental rights and obligations as manifested by a failure to visit or communicate with the child, although able to do so, for a period of six months. As this court held in *Matter of Pavlovic v Pavlovic* (124 AD2d 732, 733): "[W]here, as here, the evidence indicates that a parent's efforts to visit, contact or communicate with his child have been thwarted or interfered with, a finding of abandonment as a matter of law is improper and unjustified since there is no showing of a 'purposeful ridding of parental obligations * * * [nor] a withholding of interest, presence, affection, care and support' *(Matter of Corey L v Martin L* [45 NY2d 383], at p 391)". Since the hearing evidence indicates that the natural mother's efforts to maintain contact with her daughter were impeded by the child's natural father, the Family Court properly determined that there was no abandonment *(see, Matter of Michael Chad M.,* 143 AD2d 189, 191).

We have examined the parties' remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.