OPINION OF THE COURT
Alfred J. Weiner, S.
This is an adoption proceeding where the petitioners, the biological mother and her husband, seek to dispense with the consent of the respondent putative father.
The biological mother and the putative father had known each other in Haiti. After a period of time, they continued to see each other in the United States. In 1983, the mother moved into the respondent’s mother’s home in Queens County where the respondent also resided. During this period of time, she became pregnant with the child, Ashley.
In December 1983 she relocated to West Street, Spring Valley, N. Y. She did not advise respondent of her new address or leave a forwarding address. The respondent was able to locate her and he began visiting her at this new address.
In April 1984, she moved from West Street to Youmans Drive, also in Spring Valley. Again, she did not advise respondent of her new address or leave a forwarding address. The child, Ashley, was born on May 21, 1984. The mother did not inform the respondent of the child’s birth. However, he did locate the mother shortly after the child’s birth and began to visit her and the child on a regular basis.
In June 1984, the respondent lived with the mother and the child at the Youman’s Drive residence and at that time provided some support. He then moved back to his mother’s home in Queens County and stayed with the mother and child on weekends. In December 1984, he left the mother’s residence at her request and this was the last time respondent saw the child.
In January 1985, the mother moved again, this time to Union Road in Spring Valley. Again, she did not notify respondent of the new address or leave any forwarding address. Thereafter, the respondent made attempts to locate the mother and was unable to obtain any information concerning her new locátion. Respondent did not know the whereabouts of petitioners and the child from December 1984 until this proceeding was commenced on December 13,1988.
Petitioners contend that the respondent’s consent to the *982 adoption is not required pursuant to section 111 of the Domestic Relations Law. Respondent contends that his consent is required.
The mother married the petitioner on July 12, 1985. Since the mother began to reside with the petitioner, her husband more than six months after the birth of the child, the applicable statute to determine whether the respondent’s consent to the adoption is necessary is Domestic Relations Law § 111 (1) (d).
Domestic Relations Law § 111 (1) (d) requires the consent of the natural father, but only if: "such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father’s means, and either (ii) the father’s visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person * * * having lawful custody of the child, or (iii) the father’s regular communication with the child or with the person * * * having custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person * * * having lawful custody of the child.”
This statute requires the father to show that he has maintained a substantial and continuous relationship with the child by means of support and either monthly visitation or regular communication, unless prevented from doing so by the person having lawful custody of the child. (Matter of Andrew Peter H. T., 64 NY2d 1090; Matter of Eugene MM., 132 AD2d 780.)
Initially, for consent to be required, the father must demonstrate that the threshold criteria set forth in Domestic Relations Law § 111 (1) (d) have been satisfied. (Matter of Andrew Peter H. T., supra; Matter of Eugene MM., supra.)
From December 1983 to the commencement of this action, the mother has exhibited a pattern of conduct that prevented the respondent from visiting or communicating with the child or providing support within his means. The mother did not give the respondent the opportunity to demonstrate that the threshold criteria were met since she moved and at no time advised respondent as to where the child was located.
Accordingly, the respondent has satisfied the requirements of Domestic Relations Law § 111 (1) (d) and his consent is therefore, necessary.
*983 Petitioners further contend that assuming that respondent has met the requirements of Domestic Relations Law § 111 (1) (d), then he has abandoned the child pursuant to Domestic Relations Law § 111 (2) (a). Respondent contends he has not abandoned the child.
Only after the natural father establishes his right of consent to the adoption, by satisfying Domestic Relations Law § 111 (1) (d), does the court proceed to determine whether he has forfeited that right by evincing "an intent to forego his * * * parental * * * rights and obligations as manifested by his * * * failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so” (Domestic Relations Law § 111 [2] [a]; Matter of Amy SS, 64 NY2d 788).
Where the evidence indicates that a parent’s efforts to visit, contact or communicate with his child have been thwarted or interfered with, a finding of abandonment as a matter of law is improper and unjustified since there is no showing of a purposeful ridding of parental obligations nor a withholding of interest, presence, affection, care and support. (Matter of Corey L v Martin L, 45 NY2d 383; Matter of Michael Chad M., 143 AD2d 189.)
The court concludes that the respondent did not abandon his child within the meaning of Domestic Relations Law § 111 (2) (a) since he was unable to visit and communicate with his child based upon the conduct of the natural mother.
Accordingly, this petition is dismissed.