■ In the Matter of James L., an Infant. Kenneth M. et al., Respondents; James QQ., Appellant. (And Another Related Proceeding.)—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Dutchess County (Bernhard, J.), entered May 15, 1989, which granted petitioners' applications, in two proceedings pursuant to Domestic Relations Law article 7, for adoption of James L. and Farrah L.

Respondent, the biological father of James L. and Farrah L., appeals the order of Family Court granting applications for the children's adoption by petitioners, the biological mother and her husband. The children were born out of wedlock with the mother and respondent living together sporadically thereafter from 1978 until July 1981. The mother has had physical custody of the children since, except for two weeks in January 1983 when respondent took custody while the mother recuperated from kidney surgery. Petitioners began dating each other in late 1983, and were married in February 1986. Petitioners are the parents of a daughter, who resides with them along with James and Farrah.

In January 1989, petitioners filed a petition for adoption of James and Farrah. Respondent was given notice, withheld his consent and opposed the petition. Family Court found that respondent failed to maintain the requisite substantial and continuous or repeated contact with his children and dispensed with the need for respondent's consent to adoption. Petitioners' applications were granted and James and Farrah have been adopted by petitioners. Respondent now appeals the order of Family Court dispensing with the need for his consent to the adoption.

We affirm. Respondent's consent to the adoption of James and Farrah is necessary only if he "maintained substantial and continuous or repeated contact with the child[ren]" (Domestic Relations Law § 111 [1] [d]). Respondent bears the burden of proof (see, Matter of Andrew Peter H. T., 64 NY2d 1090, 1091; Matter of Eugene MM., 132 AD2d 780) which may be met, as relevant herein, by establishing "payment by [him] toward the support of the child[ren] of a fair and reasonable sum, according to [his] means, and * * * visiting the child[ren] at least monthly when physically and financially able to do so and not prevented from doing so by the person * * * having lawful custody of the child[ren]" (Domestic Relations Law § 111 [1] [d] [i], [ii]).

Respondent argues that his past and current earnings have not allowed him to contribute financial support to his children. However, the record demonstrates that, although modest, respondent's $720 monthly earnings have, for some time, allowed him to make an attempt at support, which Family Court found he had not done. Respondent further contends that petitioners have prevented him from maintaining any contact with the children. Respondent has, however, failed to offer objective proof of his allegedly thwarted efforts to communicate with the children (see, Matter of Devorah Leah B.,

152 AD2d 566, 567) and the record demonstrates that any subjective intimidation claimed by respondent did not objectively prevent him from seeing the children had he so desired. In sum, given the deference accorded the findings of Family Court (see, Matter of Nathaniel T., 67 NY2d 838, 842; Matter of Irene O., 38 NY2d 776, 777) and the ample support for those findings in the record, we find that Family Court correctly determined that respondent's consent to the adoption was not required.

We summarily reject respondent's remaining argument that a hospital record was erroneously admitted into evidence, there being no indication that any prejudice inured to respondent thereby.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.