■ In the Matter of SHAWN P. BETH C. et al., Appellants; JOHN P., Respondent.—In an adoption proceeding, the petitioners natural mother and adoptive father appeal from an order of the Family Court, Queens County (Schindler, J.), dated November 8, 1991, which, after a hearing, inter alia, dismissed their petition and held that the consent of the natural father and former husband of the natural mother was required for the adoption to proceed.

Ordered that the order is affirmed, without costs or disbursements.

There is a heavy burden with constitutional implications on one who seeks to terminate the rights of a natural parent through adoption (see, Matter of Corey L v Martin L, 45 NY2d 383; Matter of Pavlovic v Pavlovic, 124 AD2d 732). "Abandonment, as it pertains to adoption, relates to such conduct on the

part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights—a withholding of interest, presence, affection, care and support" *(Matter of Corey L v Martin L, supra,* at 391). Furthermore, where the evidence establishes that "a parent's efforts to visit, contact or communicate with his child have been thwarted or interfered with, a finding of abandonment as a matter of law is improper and unjustified" *(Matter of Pavlovic v Pavlovic, supra,* at 733; *Matter of Edward Franz F.,* 186 AD2d 256; *Matter of Corey L v Martin L, supra,* at 390; *Matter of Michael Chad M.,* 143 AD2d 189).

The record establishes that the respondent's efforts to obtain access to his children through court processes were impeded and interfered with by the petitioner mother. We are satisfied that the Family Court's conclusion that the respondent had not abandoned his children is supported by the hearing record. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.