■ In the Matter of the Adoption of RANDI Q. NANCY Q. et al., Respondents; DARLING S., Appellant. [624 NYS2d 474] —Crew

III, J. Appeal from an order of the Surrogate's Court of St. Lawrence County (Rogers, S.), entered May 10, 1994, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Randi Q.

Petitioner Daniel Q. (hereinafter petitioner) and respondent are the biological parents of Randi Q. (born in 1983). In March 1986, petitioner and respondent, who had never married, entered into an agreement granting petitioner custody of the child with reasonable visitation to respondent. The record indicates that visitation between respondent and her child ceased in June 1988, and in February 1994 petitioner and his spouse commenced this proceeding seeking to adopt the child. When respondent refused to consent to the adoption, petitioner contended that respondent had abandoned her child and, in accordance with Domestic Relations Law § 111 (2) (a), no consent was necessary. Following a hearing at which all parties appeared and testified, Surrogate's Court concluded that respondent indeed had abandoned her child and, hence, her consent to the adoption was not required. This appeal by respondent followed.

Domestic Relations Law § 111 (2) (a) provides that consent to an adoption shall not be required of a parent "who evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so". In this regard, abandonment refers to "such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights—a withholding of interest, presence, affection, care and support" (*Matter of Corey L v Martin L,* 45 NY2d 383, 391).

We are satisfied that the record before us establishes, by clear and convincing evidence (*see generally, Matter of Amy SS.,* 64 NY2d 788, 790), that respondent abandoned her child. As noted previously, visitation between respondent and her child ceased in June 1988, and the record indicates that respondent did not mail her child any cards, letters or gifts after that date. Additionally, although respondent was employed at some point subsequent to June 1988, she did not at any time provide support for her child. As to respondent's other attempts to contact her child, the record indicates that it was not until mid-1992 that respondent first contacted petitioner and indicated that she wished to resume her relationship with her child; respondent's next contact with peti-

tioner in this regard did not occur until December 1993. Such isolated attempts at communication are not, in our view, sufficient to defeat a finding of abandonment *(see, Matter of Amanda,* 197 AD2d 923, 924, *lv denied* 82 NY2d 662; *see also,* Domestic Relations Law § 111 [6] [b]).

Although respondent contends that her attempts to rekindle her relationship with her child were thwarted by petitioner, we disagree. While the record reveals that petitioner and the child did relocate at some point, petitioner testified that the child's mailing address has not changed since 1988, and there is no indication that petitioner attempted to keep the child's whereabouts a secret from respondent *(compare, Matter of Sharon H. v Foster,* 153 AD2d 627, 628). Additionally, although petitioner apparently had an unlisted phone number, respondent testified that petitioner's parents lived in the area and that she was able to get messages to petitioner through them. Finally, although petitioner did suggest, when contacted by respondent in mid-1992 and December 1993, that respondent advise Family Court of her desire to resume her relationship with her child, we do not believe such conduct rises to a level of interference with respondent's visitation rights sufficient to preclude a finding of abandonment *(see, Matter of Lisa Marie F.,* 110 AD2d 993, *lv denied* 65 NY2d 603; *Matter of Jennifer Lauren D.,* 110 AD2d 699; *compare, Matter of Joseph Michael D.,* 138 AD2d 974, *lv denied* 72 NY2d 803; *Matter of Pavlovic v Pavlovic,* 124 AD2d 732). Respondent's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.