■ In the Matter of KRISTIN O. DOMINICK V. et al., Respondents; LOUIS O., Appellant. [633 NYS2d 52] —In a private placement adoption proceeding, the natural father appeals from an order of the Family Court, Rockland County (Warren, J.), entered November 17, 1993, which, after a hearing, determined that his consent to the adoption of his child by the child's stepfather was not required because he had abandoned her.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly determined that the appellant's consent was not required in the proceeding to adopt the child because he had abandoned her (see, Domestic Relations Law § 111 [2] [a]). Under Domestic Relations Law § 111 (2) (a), consent to adoption is not required of a parent "who evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so".

At the hearing, the child's natural mother and stepfather testified that from February 1989 until August 1992, the appellant had not contacted or communicated with them or the child. Although the appellant claimed that he made telephone calls and had written to the child during this period, he presented no objective proof of his efforts.

The appellant's testimony that he regularly sent cards to the child on her birthday and on certain holidays and continued to do so even after he was incarcerated in June 1989 was contradicted by the child's testimony that she had received only one card from the appellant, which was in January 1993, after the petition to adopt was filed. The child further testified that, other than the one card and two letters she had received

after the petition was filed, she had not received any other correspondence from the appellant.

There is no support in the record for the contention that the natural mother and the stepfather interfered with the appellant's attempts to communicate with the child *(compare, Matter of Corey L v Martin L,* 45 NY2d 383, 390; *Matter of Shawn P.,* 187 AD2d 432, 433). The record unequivocally establishes that the appellant knew at all times where the child was living and could have communicated with her *(cf., Matter of Shawn P., supra).*

Thus, on this record, the credible evidence establishes that the appellant abandoned his child and that his consent to the adoption was not required *(see,* Domestic Relations Law § 111 [2] [a]; *Matter of Devorah Leah B.,* 152 AD2d 566, 567; *Matter of Corey L v Martin L,* 45 NY2d 383, 391, *supra).* Furthermore, there is no basis to disturb the Family Court's determination on the issue of credibility *(see, Matter of Devorah Leah B., supra; Matter of Christopher Rene T.,* 189 AD2d 692).

The appellant's remaining contentions are without merit. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.