■ In the Matter of JAMES Q., an Infant. PETER S., Respondent; JAMES R., Appellant. [658 NYS2d 535] —White, J. Appeal from an order of the Surrogate's Court of Rensselaer County (Lang, Jr., S.), entered January 29, 1996, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of James Q.

The proposed adoptive child, James Q. (hereinafter the child), was born out of wedlock in September 1983 and, although the birth certificate did not indicate the name of the father, it is conceded that respondent is the biological father. The child has lived with his mother since birth and, after her marriage to petitioner in November 1989, he has resided with his mother and petitioner as a family unit. In December 1994, petitioner commenced this proceeding to authorize his adoption of the child. The mother consented but respondent, upon receiving notice of the proposed adoption, objected to the proceeding. In November 1995, a trial was held on the issue of whether respondent had abandoned the child and Surrogate's Court, after hearing the proof and reviewing the report of the Law Guardian, who opined that there had been an abandonment, determined that respondent had legally abandoned the child and thereafter permitted the adoption without respondent's consent. We concur.

This situation is governed by Domestic Relations Law § 111 (1) (d) which, as pertinent to this proceeding, provides that a father's consent to an adoption shall be required only if he has maintained substantial and continuous contact with the child as manifested by payment of fair and reasonable support, together with regular visitations or communications with his child. Thus there is a presumption of abandonment and the father's consent is not required where he evinces his intent to forego his parental rights by failure to visit or communicate with his child for a period of six months immediately preceding the filing of the petition, although able to do so (*see, Matter of St. Christopher-Ottillie v Troy Donnell M.*, 210 AD2d 233, 234, *lv denied* 85 NY2d 806; *see also*, Domestic Relations Law § 111 [2] [a]). It is clear that insubstantial and infrequent contacts are insufficient to preclude a finding of abandonment by the father, who bears the burden of proof on this issue (*see, Matter of Amanda*, 197 AD2d 923, 924, *lv denied* 82 NY2d 662; *Matter of Kailee CC.*, 179 AD2d 891, 893, *lv denied* 79 NY2d 759; *Matter of James L.*, 173 AD2d 941, 942). In addition, where an unwed father has done little to establish a substantial parental tie to the child, dispensing with his consent to the adoption does not violate his rights to either due process or equal protection (*see, Matter of Raymond AA. v Doe*, 217 AD2d 757, 761, *lv denied* 87 NY2d 805).

In this case the record shows that the child has not received any cards or gifts from respondent since respondent sent him a wagon and some books when he was approximately two years old. Since that time respondent has seen the child on only one

occasion, a brief meeting in 1994, but otherwise has had no contact with the child. Significantly, respondent has never provided any financial support even though he testified that he had always been employed and had received a lump-sum disability payment of over $20,000 in the late 1980s. In addition, between 1986 and 1989, although respondent filed three paternity petitions in Rensselaer County Family Court, in each case the proceedings were dismissed due to respondent's failure to prosecute the matter since he failed to have his blood drawn for genetic marker testing, contending that he could not afford the necessary fee. Respondent maintains that he was prohibited from visiting the child because of interference by the mother and her family, but the mother specifically refuted this allegation, and other than general claims of attempted contacts respondent offered no objective proof to substantiate his alleged attempts at visitation (see, Matter of Kristin O., 220 AD2d 670, 671; Matter of Devorah Leah B., 152 AD2d 566, 567).

In light of the record before us, we find that Surrogate's Court properly determined that respondent did not meet the threshold criteria which would require his consent to the adoption.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.