■ In the Matter of SHANDRA CC., an Infant. CONSTANCE DD., Appellant; MARTA CC., Respondent. SANDRA J. GARUFY, as Law Guardian, Appellant. (And Another Related Proceeding.) [672 NYS2d 490] —Mercure, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered March 26, 1996, which, *inter alia*, denied petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Shandra CC.

Respondent is the mother of Shandra CC., a child born in 1981 (hereinafter the child). From the time of her birth the child has lived with petitioner, her maternal grandmother. In July 1994, petitioner initiated proceedings for the adoption of the child. Due to respondent's unwillingness to consent to the adoption, following petitioner's certification as a qualified adoptive parent the matter proceeded to a fact-finding hearing. At the hearing, the evidence focused on the issue of whether respondent's consent could be dispensed with because she had evinced an intent to forego her parental rights and obligations as manifested by her failure for a period of six months to visit and communicate with the child (*see,* Domestic Relations Law § 111 [2] [a]).

In a comprehensive decision, Family Court found that respondent had never contributed to the support of the child, had never lived with her except for a period of approximately three months following her birth, and had only minimal contacts with the child between 1987 and December 1994. Family Court also rejected respondent's claim that petitioner had prevented meaningful visitation with the child, finding petitioner's insistence that she supervise visitation to have been appropriate "given [respondent's] record of intermittent interest in her daughter's life". Nonetheless, Family Court denied the petition for adoption, concluding that a finding of abandonment was precluded by approximately five to seven hospital visits that respondent had with the child between January 18, 1995 and March 14, 1995, during the child's treatment and convalescence following a stroke. The Law Guardian and petitioner appeal. Respondent has failed to respond to initial and follow-up communications from this Court concerning assignment of counsel and has filed no responding brief.

Although Family Court's factual findings find abundant support in the record, because we disagree with the ultimate conclusion reached on the basis of those findings we are constrained to reverse so much of Family Court's order as dismissed the petition for adoption. Fundamentally, upon a showing by clear and convincing evidence that respondent had abandoned the child, Family Court was entitled to dispense with respondent's consent (*see*, *Matter of Amy SS.*, 64 NY2d 788, 790; *Matter of Corey L. v Martin L.*, 45 NY2d 383, 389; *Matter of Joshua*, 216 AD2d 749, 751-752, *lv denied* 86 NY2d 709). Evidence that a parent has withheld her "interest, presence, affection, care and support" (*Matter of Corey L. v Martin L.*, *supra*, at 391) can establish that a parent has abandoned her child (*see*, *id.*; *Matter of Randi Q.*, 214 AD2d 784, 785), and insubstantial and infrequent visitations with the child are insufficient to foreclose a finding of abandonment (*see*, Domestic Relations Law § 111 [6] [b]; *Matter of James Q.*, 240 AD2d 841).

Here, the evidence properly credited by Family Court showed that between 1987 and the close of 1994, respondent initiated visitation with the child but three times, two very brief Christmas visits and additional contact on the occasion of the death of petitioner's husband. As correctly concluded by Family Court, these insubstantial and infrequent visits by no means precluded a finding of abandonment. Unlike Family Court, however, we do not view the hospital visits in early 1995 as precluding a finding of abandonment. To the contrary, we

conclude that, under all the circumstances presented here, respondent's visits with the child were not other than insubstantial and infrequent within the purview of Domestic Relations Law § 111 (6) (b) (*see, Matter of James Q., supra*).*

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition for adoption; petition granted and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* We note that although petitioner filed a petition for certification as a qualified adoptive parent on July 19, 1994, the record on appeal contains neither the petition for adoption nor any competent evidence of the date of its filing. We assume for the purpose of this decision that the hospital visits occurred during the critical six-month period.