■ In the Matter of MICHELLE GG., an Infant. KAREN HH. et al., Respondents; STEVEN GG., Appellant. [690 NYS2d 306] —Yesawich Jr., J. Appeals, by permission, from (1) an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered August 6, 1998, which, *inter alia*, in a proceeding pursuant to Domestic Relations Law article 7, ordered that respondent's consent to the adoption of the child is not required, and (2) from an order of said court, entered October 19, 1998, which denied respondent's motion to vacate the prior order.

Petitioner Karen HH. (hereinafter the mother) and respondent are the biological parents of Michelle GG. (born in 1984). In December 1997, the mother and her current spouse (hereinafter the stepfather) commenced this proceeding pursuant to Domestic Relations Law article 7 to enable the stepfather to adopt the child. Petitioners alleged, *inter alia*, that respondent's consent was not required because he had abandoned the child (*see*, Domestic Relations Law § 111 [2] [a]). Following a trial, Family Court found that abandonment had taken place and entered an order dispensing with the need for respondent's consent to the adoption. Respondent's subsequent motion to vacate that order was denied, prompting these appeals.

Initially, we reject respondent's contention that Family Court should have vacated the order dispensing with his consent. Despite respondent's contrary claim, the order was not entered on

default for although respondent was not present at the trial, his counsel attended and fully participated therein (see, Matter of Konard M., 257 AD2d 919; Matter of D'Entremont v D'Entremont, 254 AD2d 576).

Regarding the merits of respondent's appeal, we find there is clear and convincing evidence that he abandoned the child. The record reveals conduct on his part evincing a purposeful intent to rid himself of parental obligations and to forego his parental rights (see, Matter of Corey L v Martin L, 45 NY2d 383, 391). During the six months prior to the filing of this petition respondent made only two attempts to contact Michelle; and, from 1988 through 1998, respondent demonstrated only a modicum of interest in establishing a relationship with Michelle. Indeed, while incarcerated in State prison from 1988 until 1993 and intermittently thereafter until 1998, respondent sent Michelle one letter, did not request in-jail visitation with her, and while on parole exercised his right to supervised visitation on but three occasions. In those rare instances when the mother solicited financial assistance from respondent to pay Michelle's medical and orthodontic expenses, no support was forthcoming.

As for respondent's assertion that the mother hampered his attempts to establish a relationship with Michelle, that is simply belied by the record; in fact, the mother attempted to assist respondent by obtaining counseling for Michelle to help her adjust to visitation with her father. And, as Family Court aptly found, the "flicker of interest" (see, Matter of Shandra CC., 249 AD2d 842, 843; Matter of Amanda, 197 AD2d 923, 924, lv denied 82 NY2d 662) in the child manifested by respondent was insufficient to preclude a finding of abandonment.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.