■ In the Matter of SHAOLIN G. GREGORY C. et al., Respondents; CHRISTOPHER W. G., Appellant. [716 NYS2d 71] —In an adoption proceeding pursuant to Domestic Relations Law article 7, the father appeals from (1) an order of the Family Court, Dutchess County (Brands, J.), dated December 6, 1999, which, after a hearing, determined, *inter alia,* that his consent

to the adoption was not required, and (2) an order of the same court, dated December 16, 1999, which granted the petition of the mother and her husband to adopt the subject child.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 6, 1999, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* Family Ct Act § 1112 [a]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court properly determined that the appellant's consent to the adoption was not necessary. The petitioners established, by clear and convincing evidence, that the appellant failed to maintain contact with his daughter during the six-month period preceding the filing of the adoption petition, thereby demonstrating "an intent to forego his * * * parental or custodial rights and obligations" (Domestic Relations Law § 111 [2] [a]; *Matter of Baby Girl W.D.,* 251 AD2d 501). The appellant's testimony that he sent numerous letters to the child's mother during this period, which she did not answer, was refuted by the mother's testimony that she received no correspondence from him (*see, Matter of James Q.,* 240 AD2d 841; *Matter of Kristin O.,* 220 AD2d 670; *Matter of Devorah Leah B.,* 152 AD2d 566). There is no basis to disturb the Family Court's credibility determinations on this issue (*see, Matter of Kristin O., supra,* at 671; *Matter of Christopher Rene T.,* 189 AD2d 692).

The appellant's remaining contentions are without merit. Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.