■ In the Matter of TAYLOR R., an Infant. MATTHEW FF., Respondent; TIMOTHY GG., Appellant. [736 NYS2d 529] —Mugglin, J. Appeal from an order of the Family Court of Broome

---

County (Ray, J.), entered October 3, 2000, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Taylor R.

This adoption petition alleges that the consent of respondent, the biological father, is unnecessary because he "has evinced his intent to forego his parental rights and obligations as manifested by his failure for a period in excess of six months to visit or communicate with the child," which is language found in Domestic Relations Law § 111 (2). Family Court required the biological mother to file a supporting affidavit and this affidavit alleged facts which would indicate that, pursuant to the provisions of Domestic Relations Law § 111 (1) (d), respondent's consent is not required. After the parties testified, Family Court decided that respondent's consent was not required pursuant to subdivision (1) (d) of Domestic Relations Law § 111. However, the order of adoption recites that respondent's consent is not required pursuant to subdivision (2) of Domestic Relations Law § 111. Under subdivision (2), a petitioner bears the burden of proof by clear and convincing evidence that the parent has failed to maintain contact with the child for a six-month period (*see, Matter of Shaolin G.*, 277 AD2d 312, 313, *lv denied* 96 NY2d 710). Under subdivision (1) (d), on the other hand, the father bears the burden of proof to establish that he has maintained substantial and continuous or repeated contact with the child (*see, Matter of Sergio LL.*, 269 AD2d 699). As a consequence, on this appeal, respondent asserts that there should be a reversal because petitioner failed to establish by clear and convincing evidence that he intended to forego his parental responsibilities, particularly where his failure to visit or pay child support was satisfactorily explained.

The statutory scheme is clear. Domestic Relations Law § 111 (1) (d) requires the consent of the father of a child placed more than six months after birth only if the father can establish that he has maintained substantial and continuous or repeated contact with the child as manifested by the payment of support and either regular visitation or regular communication with the child. "Only after the [biological] father establishes his right of consent to the adoption, by satisfying both the support and the communication provisions of the statute, does the court proceed to determine whether he has forfeited that right by evincing 'an intent to forego his * * * parental * * * rights and obligations as manifested by his * * * failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so' " (*Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091, quoting Domestic Relations Law § 111 [2] [a]).

It is our view that the petition, as supplemented by the mother's affidavit, clearly apprised respondent that his consent to this adoption was alleged to be unnecessary under both Domestic Relations Law § 111 (1) (d) and (2). Moreover, under the facts of this particular case, it is immaterial, as the proof satisfies both subdivisions. This child was born out of wedlock and has always resided with his mother and has resided with petitioner, his stepfather, since September 1996. The child's mother and petitioner were married in July 1999 and petitioner commenced this proceeding in April 2000. The child was born in 1993. By respondent's own testimony, he has had no contact with the child since December 1996, and no contact with the mother since October 1996. Since March 1997, respondent has been continuously incarcerated in state prison and argues that, prior to his incarceration, he was prohibited from contacting the mother or the child, and that after his incarceration, he was physically and financially unable to maintain any contact with the child.

We find no record support for respondent's arguments. Prior to respondent's incarceration, he paid no support, although he was able to do so. After his incarceration, respondent has not contacted the child by telephone or in writing, nor sent anything to the child, including birthday or Christmas presents. Family Court properly rejected respondent's contention that he did not know how to contact the mother or the child and properly credited the testimony of the mother, establishing that respondent did know how to contact them and that he was capable of doing so. Such findings are fully supported by the facts and the law and are entitled to great deference (*see, Matter of Shaolin G., supra* at 313; *Matter of Ashton,* 254 AD2d 773, 773, *lv denied* 92 NY2d 817).

Respondent's September 2000 letter to the child and his pro se petition for custody both postdate this adoption petition and represent, at best, merely a belated interest in the child which is insufficient to carry his burden of proof that he has maintained substantial, continuous and repeated contact with the child as required by Domestic Relations Law § 111 (*see, Matter of Sergio LL.,* 269 AD2d 699, 701, *supra*). Clearly, this case is governed by Domestic Relations Law § 111 (1) (d) (*see, Matter of James Q.,* 240 AD2d 841). Consequently, to the extent necessary, we exercise our power, in the interest of justice, to, sua sponte, conform the petition to the evidence (*see, D'Antoni v Goff,* 52 AD2d 973, 974). In our view, Family Court properly concluded that respondent met none of the threshold criteria found in Domestic Relations Law § 111 (1) (d) and that his

consent to the adoption was unnecessary (*see, Matter of Sergio LL., supra* at 701; *Matter of Ashton, supra* at 773). Consequently, we view Family Court's recitation in the order of adoption that it "made a determination that the consent of the father is not required pursuant to Domestic Relations Law § 111 (2)" to constitute harmless error.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.