■ In the Matter of WILLIAM B., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD C., Appellant. [849 NYS2d 123]—

---

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 5, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate William B. an abandoned child and terminated respondent's parental rights.

William B. (born in 2004) was removed from his mother and has been in petitioner's care since he was two days old. Petitioner immediately placed him with foster parents who apparently desire to adopt him. Respondent had cohabitated with the mother during the year prior to the child's birth and, although the mother initially indicated another man was the father, such person was proven not to be the father. During the neglect proceeding against the mother, respondent, who was then in prison (where he is serving a long term of incarceration), was listed as the putative, nonadjudicated father. Although reportedly aware of the pregnancy and the child, respondent made no effort to contact the mother, the foster parents, the child or petitioner.

In December 2005, petitioner brought a proceeding to terminate the mother's rights alleging abandonment and, thereafter, commenced this proceeding on February 8, 2006 alleging that respondent had abandoned the child. Two days after the proceeding against respondent was commenced, the mother filed a paternity petition that eventually resulted in DNA testing establishing that respondent was, in fact, the child's father. At the hearing on the abandonment petition, respondent moved to dismiss the petition upon the ground that he did not meet the definition of a parent within the meaning of Domestic Relations Law § 111. Family Court proceeded with the hearing and ultimately found that respondent had abandoned the child. Respondent appeals.

We are unpersuaded by respondent's argument that Family Court erred in proceeding with a hearing on the petition. The issue of whether an unwed father is a parent whose consent is necessary for an adoption (i.e., a "consent father") has been aptly characterized as a " 'threshold issue' " when proceeding against such an individual in an abandonment proceeding to terminate parent rights (*Matter of Tasha M.*, 33 AD3d 387, 388 [2006], quoting *Matter of Carrie GG.*, 273 AD2d 561, 562 [2000],

*lv denied* 95 NY2d 763 [2000]; *see* Social Services Law § 384-b [4] [b]; Domestic Relations Law § 111 [1] [d]). Even when it appears clear that the father is not a consent father (*see* Domestic Relations Law § 111 [1] [d]), the court should not dismiss the petition, but should conduct the hearing and make a determination on this threshold issue (*see Matter of Dominique P.*, 14 AD3d 319, 319-320 [2005]). Such a determination provides finality, preventing the father from later attempting to thwart the adoption process, and, while he may be entitled to notice for the limited purpose of addressing the best interests of the child (*see* Domestic Relations Law § 111-a), a belated interest in the child will not resurrect a right to consent (*see Matter of Hassan Lawrence W.*, 42 AD3d 573, 573 [2007]; *Matter of Taylor R.*, 290 AD2d 830, 832 [2002]). Here, the record clearly establishes that respondent made no effort to undertake any responsibility for or establish a relationship with his child and, in fact, he has conceded that he did not satisfy the criteria of a consent father.

While the clear and convincing proof establishing that respondent was not a consent father would generally foreclose the need for any further determination regarding him under Social Services Law § 384-b,[1] the fact that the mother commenced a nearly simultaneous proceeding to have respondent adjudicated the father created concern about him asserting rights regarding the child springing from such adjudication. Indeed, respondent has asserted on appeal that "the clock started for abandonment purposes" only after he was adjudicated the father some two years after the child's birth. While we find no merit to such assertion which is antithetic to the promptness required of an unwed father in showing an interest in his child (*see Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]), the parallel proceeding did nevertheless inject an element of uncertainty in a matter where—for the benefit of the child—clarity and finality are weighty concerns. And, under such circumstances, we find no reversible error in Family Court expanding its determination beyond whether respondent was a consent father.[2]

Respondent's contention that petitioner had an obligation to make diligent efforts to reunite the child with him as a prereq-

---

1. The statute states that an order committing guardianship of a child "shall be granted only" on certain specific grounds including, as relevant here, that the abandonment involves "[t]he parent or parents, whose consent to the adoption of the child would otherwise be required in accordance with section one hundred eleven of the domestic relations law" (Social Services Law § 384-b [4] [b]).

2. Even if, as urged by respondent, it was error to proceed to the adjudication of abandonment under Social Services Law § 384-b, the remedy would not be reversal in this case, but to substitute a finding that respondent was not a

uisite to this abandonment proceeding is meritless (*see Matter of Tasha B.*, 240 AD2d 778, 780 [1997]; *Matter of Christopher MM.*, 210 AD2d 767, 768 [1994], *lv denied* 85 NY2d 807 [1995]; *Matter of John Z.*, 209 AD2d 821, 822 [1994]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

consent father under Domestic Relations Law § 111 (*cf. Matter of Taylor R.*, 290 AD2d at 832-833).