■ In the Matter of STEPHAN JOSEPH S. (Proceeding No. 1.) In the Matter of JOHN JOSEPH S. (Proceeding No. 2.) KATHLEEN T. et al., Respondents; STEPHAN S., Appellant.—

We agree with the Surrogate that the petitioners, the children's maternal uncle and his wife, proved by clear and convincing evidence that the father abandoned his two sons within the meaning of Domestic Relations Law § 111 (2) (a) so that his consent to their adoption is not required.

The children's father and mother had been separated from September 1981 until July 1982 when the mother agreed to a trial reconciliation. One month later, the father shot and killed the mother and has since been incarcerated. Both of the petitioners, as well as the maternal grandfather, with whom the mother and children were residing, testified that the father had no contact with his children for the entire period of separation. Giving due regard to the father's incarceration and his physical inability to communicate with his sons during his recuperation from an auto accident, there is still ample basis in the record for a finding of abandonment both

before and after the homicide. The several phone calls and letters received by the maternal grandparents and the petitioners over the 3 or 4 years of the father's incarceration were insufficient to constitute the contact contemplated by Domestic Relations Law § 111. The father's testimony that he had been mailing letters to the children throughout his prison stay presented an issue of credibility primarily for the Surrogate and the record supports the Surrogate's determination that the testimony was unworthy of belief.

Furthermore, it is clear from this record that the best interests of the children would be promoted by granting the petition for adoption (see, Domestic Relations Law § 114). The children have resided with the petitioners and their three biological children since 1984 and the petitioners appear capable of meeting the children's present and future needs. The father cannot reasonably argue that he would be a fit custodian. One is hard pressed to conceive of a situation which more vividly evinces a father's total disregard for the welfare of his children than where he kills the children's mother.

We have examined the father's remaining contention and find it to be without merit. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.