◼ In the Matter of AMANDA, an Infant. [602 NYS2d 461] — Order unanimously affirmed without costs. Memorandum: Respondent natural father appeals from an order of Surrogate's Court that dispensed with his consent to the adoption of the now seven-year-old child, Amanda, and granted petitioners an order of adoption. Respondent contends that the court erred in dispensing with his consent and that reversal is required as a result of the court's failure to appoint a Law Guardian for the child.

The court properly dispensed with respondent's consent on the ground of abandonment *(see,* Domestic Relations Law § 111 [2] [a]; [6] [a]-[d]). The proof establishes that respondent evinced an intent to forego his parental rights and obligations by his failure for a period of six months to visit the child or communicate with the child or person having legal custody of the child, although able to do so *(see,* Domestic Relations Law

§ 111 [2] [a]). During the period of approximately 1½ years prior to the filing of the petition in October 1991, respondent did not call his daughter or her grandmother, with whom she was living. His only contact with the girl was to send her birthday and Christmas cards. Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment (see, Domestic Relations Law § 111 [6] [b]). Additionally, the proof establishes that respondent failed to support his daughter and failed to plan for her future. The fact that a parent is incarcerated does not in itself excuse his failure to support, maintain contact with, or plan for the future of his child (see, L 1983, ch 911, § 1 [ii], [iii]; see also, Matter of Delores B., 141 AD2d 100, 105-106, affd 74 NY2d 77).

There is no support for the contention that Amanda's mother and grandmother interfered with respondent's attempts to maintain a relationship with Amanda. The proof is that the grandmother accepted respondent's earlier collect calls and never attempted to discourage respondent from calling or writing to Amanda. The fact that the mother may have concealed her own whereabouts from respondent is irrelevant. Amanda did not live with her mother and the proof unequivocally demonstrates that respondent knew at all times where Amanda was living.

Reversal is not required as a result of the court's failure to appoint a Law Guardian. The governing statute, Family Court Act § 249, makes a distinction between those cases in which a Law Guardian must be appointed and those in which one may be appointed (see, Besharov, 1990 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 249, 1994 Pocket Part, at 39). Contrary to respondent's contention, a proceeding to dispense with consent to adoption is not one in which a Law Guardian must be appointed for the child (see, Family Ct Act § 249). In the circumstances presented, we decline to reverse on the ground that the Surrogate failed to invoke his discretionary power to appoint a Law Guardian for the child (cf., Matter of Gallup v O'Connor, 175 AD2d 653). (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Adoption.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.