■ In the Matter of ASHTON. TERRI A. E. et al., Respondents; WILLIAM F. T., JR., Appellant. [677 NYS2d 844] —Order unanimously affirmed without costs. Memorandum: Family Court properly dispensed with the consent of respondent to the adoption of his daughter pursuant to Domestic Relations Law § 111 (2) (a). The proof establishes that respondent evinced an intent to forego his parental rights and obligations by his failure for a period of six months to visit or communicate with his daughter or the person having legal custody of her, although able to do so (see, Domestic Relations Law § 111 [2] [a]). Furthermore, neither his incarceration nor his fugitive status excused the failure of respondent to contact or communicate with his daughter (see, *Matter of Amanda*, 197 AD2d 923, 924, lv denied 82 NY2d 662). Although respondent testified that petitioners prevented him from contacting the child and that he sent gifts, cards and letters to her through his parents, the court found his testimony not credible. "Issues of credibility are for the nisi prius court to determine, and that court's findings must be accorded the greatest respect" (*Matter of Brandy J.*, 236 AD2d 894; see, *Matter of Stephan Joseph S.*, 158 AD2d 524, 525). Because the court's determination is supported by the record, there is no basis to disturb it.

We reject respondent's contention that the Law Guardian's failure to "interrogate" the parties constitutes ineffective representation. There was no need for the Law Guardian to ask questions that were already asked by counsel. The record establishes that the Law Guardian's representation was appropriate in all respects (see, *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117). (Appeal from Order of Oswego County Family Court, Roman, J.—Adoption.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.