In the Matter of TAYLOR O.P., an Infant. CANDIDA M.P., et al., Respondents, v CHAD J.P., Appellant. [757 NYS2d 194] —Appeal from an order of Family Court, Jefferson County (Hunt, J.), entered February 26, 2002, which dispensed with the consent of respondent to the adoption of his son.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly dispensed with the consent of respondent to the adoption of his son pursuant to Domestic Relations Law § 111 (2) (a). The evidence established that respondent failed for a period of six months to maintain contact with the child, although able to do so, thereby evincing an intent to forego his parental rights and obligations (*see id.*). During the period of approximately 11 months preceding the filing of the petition, respondent's only contact with the child consisted of a letter, a card and a gift of $35. "Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment" (*Matter of Amanda*, 197 AD2d 923, 924 [1993], *lv denied* 82 NY2d 662 [1993]; *see* § 111 [6] [b]). The court rejected the testimony of respondent that the child's mother thwarted his efforts to contact the child, and we perceive no basis for disturbing the court's credibility determination (*see Matter of Shaolin G.*, 277 AD2d 312, 313 [2000], *lv denied* 96 NY2d 710 [2001]; *Matter of Ashton*, 254 AD2d 773 [1998], *lv denied* 92 NY2d 817 [1998]). Finally, we agree with the court that the belated payment of child support arrears, made by respondent upon learning of the impending adoption proceeding, need not "be deemed a substantial communication by [respondent] with the child or person having legal custody of the child" (§ 111 [6] [d]; *see Matter of Michael E.J.*, 84 AD2d 816, 817 [1981]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.