■ In the Matter of Doral B. and Others, Infants. Erie County Department of Social Services, Respondent; Anthony R., Sr., Appellant. [769 NYS2d 805]—

Appeal from an order of Family Court, Erie County (Rosa, J.), entered June 18, 2002, which terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by deleting those provisions terminating respondent's parental rights on the ground of permanent neglect and as modified the order is affirmed without costs.

Memorandum: Petitioner, Erie County Department of Social Services (DSS), commenced this proceeding seeking to terminate the parental rights of the mother of the three children named in the petition. The mother voluntarily surrendered her parental rights to DSS, and DSS alleged that the consent of respondent, who is the father of one of the children and who at the time was incarcerated in a state correctional facility, was not required

because respondent had not maintained sufficient contact with the child (*see* Domestic Relations Law § 111 [1] [d]). Upon his release from prison, respondent petitioned for custody of the child. After a hearing, Family Court determined that respondent's consent to the adoption was not necessary, and, after a further hearing on the best interests of the child, the court committed the custody of the child to DSS and dismissed respondent's petition for custody, thereby freeing the child for adoption by his foster parent.

We reject the contention of respondent that his consent to the adoption of his child is required. Respondent failed to establish that he maintained "substantial and continuous or repeated contact" with the child within the meaning of Domestic Relations Law § 111 (1) (d) (*see Matter of Jason Brian S.,* 303 AD2d 759, 760 [2003]). Respondent paid no child support (*see* § 111 [1] [d] [i]), and he failed to establish that he had "regular communication with the child or with the person or agency having the care or custody of the child" (§ 111 [1] [d] [iii]). His incarceration for two years prior to the hearing does not excuse his failure to communicate with the child or his caregivers (*see Matter of Damien,* 281 AD2d 896 [2001]; *Matter of Alexander B.,* 277 AD2d 937 [2000]; *Matter of Amanda,* 197 AD2d 923, 924 [1993], *lv denied* 82 NY2d 662 [1993]). The record also supports the court's finding that it is in the best interests of the child to be committed to the guardianship and custody of DSS and to be adopted by his foster parent (*see Matter of Kasiem H.,* 230 AD2d 796, 797 [1996]).

We agree with respondent that the court erred insofar as it terminated his parental rights on the ground of permanent neglect. The petition filed by DSS sought to terminate the parental rights of only the mother. While the order states both that respondent's consent was not necessary for the adoption of the child and also that respondent's parental rights were terminated on the ground of permanent neglect, the decision states only that respondent's consent was not required for the adoption of the child. We conclude that the order conflicts with the decision, and the decision, which determined only that respondent's consent was not required pursuant to Domestic Relations Law § 111 (1) (d), controls (*see Matter of Edward V.,* 204 AD2d 1060, 1061 [1994]). We therefore modify the order by deleting those provisions terminating respondent's parental rights on the ground of permanent neglect. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.