■ In the Matter of ANONYMOUS, an Infant. JOHN WILLIAM Z. et al., Respondents; FREDERICK C., Appellant. [799 NYS2d 264]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, the father appeals (1), by permission, from an order of the Family Court, Dutchess County (Forman, J.), dated November 3, 2003, which determined that a period of time prior to the six months immediately preceding the filing of the petition was relevant to the court's inquiry under Domestic Relations Law § 111 (2) (a), and (2) an order of the same court dated January 29, 2004, which determined that his consent to the adoption of his child by the stepfather was not required because he had abandoned the child.

Ordered that on the Court's own motion, the notice of appeal

from the order dated January 29, 2004, is treated as an application for leave to appeal, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

Pursuant to Domestic Relations Law § 111 (2) (a), a biological father's consent to adoption is not required where the biological father has abandoned his child. A biological father may be found to have abandoned his child pursuant to the statute where he "evinces an intent to forego his . . . parental or custodial rights and obligations as manifested by his . . . failure for a period of six months to visit the child and communicate with the child or person[s] having legal custody of the child, although able to do so." The petitioners have the burden to prove, by clear and convincing evidence, that the biological father abandoned the child by evincing an intent to rid himself of his parental obligation (*see Matter of Shauna B.*, 305 AD2d 737 [2003]; *Matter of Joshua II.*, 296 AD2d 646 [2002]).

Contrary to the appellant's contention, the petitioners sustained their burden of establishing, by clear and convincing evidence, that the appellant abandoned his child (*see Matter of Shauna B., supra; Matter of Shaolin G.*, 277 AD2d 312 [2000]; *Matter of Kristin O.*, 220 AD2d 670 [1995]). The evidence presented at the hearing revealed that after December 2001 the appellant visited the child on only one occasion. Moreover, although the appellant testified that he regularly spoke to the child on the telephone or left messages, the petitioners testified that he did not call or leave messages for the child after December 2001. The Family Court resolved this conflicting testimony in favor of the petitioners, and on this record there is no basis to disturb the court's credibility determination (*see Matter of Taylor O.P.*, 303 AD2d 1024 [2003]; *Matter of Shaolin G., supra; Matter of Kristin O., supra*). The appellant's assertion that he did not pursue his visitation rights in court because he was afraid he would be jailed for failing to pay child support does not satisfactorily explain or excuse his failure to maintain regular contact with the child for a period of time well in excess of the six months immediately preceding the filing of the adoption petition.

Furthermore, we reject the appellant's contention that Domestic Relations Law § 111 (2) (a) required the court to limit testimony to the six months immediately preceding the filing of the adoption petition. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.