In the Matter of the Adoption of BRITTANY S., an Infant. In the Matter of the Adoption of CAITLYN S., an Infant. ALBERTA S. et al., Respondents; CLARENCE H.S., Respondent, and FRANCINE E.S., Appellant. (Proceeding No. 1.) In the Matter of BRITTANY S. and Another, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANCINE E.S., Appellant. (Proceeding No. 2.) [806 NYS2d 324]—

Appeal from an amended order of the Family Court, Oneida County (Frank S. Cook, J.), entered September 10, 2004. The amended order, insofar as appealed from, determined that respondent Francine E.S. had abandoned the subject children within the meaning of Domestic Relations Law § 111 and that her consent was therefore not required for the adoption of the children and dismissed her petition for visitation.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly dispensed with the consent of Francine E.S. (respondent) to the adoption of her two daughters on the ground of abandonment (*see* Domestic Relations Law § 111 [2] [a]). Petitioner grandparents (petitioners) met their burden of establishing by clear and convincing evidence that respondent evinced an intent to forego her parental rights and obligations by failing for a period of six months to visit the children and to communicate with the children or petitioners, who had custody of the children, although able to do so (*see id.*; *Matter of Anonymous*, 20 AD3d 562, 563 [2005]). Indeed, petitioners established that respondent did not visit with the children for 11 months prior to the filing of the adoption petitions, and they further established that respondent's only contact with the children during those 11 months consisted of a birthday gift sent to one child and sporadic correspondence exchanged with both children. "Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment" (*Matter of Amanda*, 197 AD2d 923, 924 [1993], *lv denied* 82 NY2d 662; *see* Domestic Relations Law § 111 [6] [b]). The record does not support the contention of respondent that petitioners interfered with her efforts to maintain contact with the children (*see Amanda*, 197 AD2d at 924). Finally, although respondent was prohibited from visiting with the children during a portion of the six months preceding the filing of the petitions, nothing prevented respondent from contacting petitioners during that period of time (*see Matter of Krysheena*, 265 AD2d 816 [1999]; *see also Matter of Joseph E.*, 16 AD3d 1148 [2005]). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.