■ In the Matter of Tiara G., an Infant. Theresa G., Respondent; Norman A., Jr., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Theresa G., Respondent. Mariana G. et al., Respondent; Norman A., Jr., Appellant. (Proceeding No. 2.) [902 NYS2d 577]—

In an adoption proceeding pursuant to Domestic Relations Law article 7 and a related visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated June 15, 2009, as determined, after a hearing, that his consent to the adoption of his child was not required because he had abandoned the child, and denied his petition for visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined, after a consolidated hearing on the adoption and visitation petitions, that the father's consent to the adoption of the child by the petitioner, her maternal grandmother, was not required. Consent to adoption is not required of a parent who demonstrates an intent to forgo parental rights "as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]; *see Matter of Anonymous*, 20 AD3d 562, 563 [2005]). Contrary to the father's contention, the petitioner sustained her burden of establishing, by clear and convincing evidence (*see Matter of Anonymous*, 20 AD3d at 563), that the father abandoned the child inasmuch as the father admitted that he had not visited with the child or communicated with her in any way for more than two years preceding the filing of the adoption petition, which would include the relevant six-month time period preceding the filing of the adoption petition of September 2007 through

March 2008. While the father contends that his drug and alcohol addiction rendered him unable to visit or communicate with the child, he testified that, after attending a rehabilitation program, he had not been using drugs or alcohol for three years prior to the May 8, 2009, consolidated hearing. Moreover, the father's testimony that he gave, on an unidentified number of occasions in November 2008 and December 2008, $50 to $150 to the child's mother, who did not have custody of, or visitation with, the child at that time, was insufficient to constitute communication with the child pursuant to Domestic Relations Law § 111 (6) (d), particularly in light of the mother's testimony that she did not receive money, but only received two stuffed animals from the father to give to the child.

Accordingly, the Family Court properly determined that the father's consent to the child's adoption was not required (*see* Domestic Relations Law § 111 [2] [a]; *Matter of Ashley P.*, 31 AD3d 767, 768 [2006]; *Matter of Anonymous*, 20 AD3d at 562-563; *Matter of T.*, 291 AD2d 565, 566 [2002]; *Matter of Shaolin G.*, 277 AD2d 312, 313 [2000]; *Matter of Kristin O.*, 220 AD2d 670, 670-671 [1995]), and properly denied the father's visitation petition (*see Matter of Kevin W. v Monique T.*, 38 AD3d 672, 673 [2007]).

The father's remaining contentions are without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.