In the Matter of CASSANDRA TAMMY S. and Another, Children Alleged to be Abandoned. BABBAH S. et al., Appellants; EPISCOPAL SOCIAL SERVICES, Respondent. [933 NYS2d 227]—

The father's consent for the adoption of his child was not required since he admitted that he had not provided her with consistent financial support, despite having the means to do so (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Vanessa B. [Lebert Charles C.]*, 76 AD3d 912, 913 [2010]). The agency's alleged failure to instruct the father to provide financial support did not excuse him from doing so (*see Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689, 690 [2010]).

We reject the mother's claim that she was denied effective assistance of counsel with respect to the fact-finding proceeding (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]). Given the mother's admission that she had no contact with the subject children or the agency during the relevant time period, she could not have been prejudiced by any failing on the part of her counsel (*see Matter of Nikeerah S. [Barbara S.]*, 69 AD3d 421, 422 [2010]).

No evidence was presented at the dispositional hearing with respect to the suitability of the foster home or the desires of the children and foster parents. Indeed, the court's best interests determination rested exclusively on the arguments of counsel. Given the foregoing and evidence at the hearing that respondents' situation has improved, we remand for a new dispositional hearing with respect to the best interests of the children (*see generally Matter of Patrick L. McC.*, 179 AD2d 220, 223 [1992]). Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.