■ In the Matter of the Adoption of KATHARINE, an Infant. CLAIRE G., Respondent; EDWARD K., Appellant. [940 NYS2d 246]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about January 19, 2011, which granted petitioner's motion for summary judgment determining that respondent father's consent for the adoption of the subject child is not required, and directed that the matter proceed, unanimously affirmed, without costs.

The father's consent for the adoption of his child was not

required, since he admitted that he never provided financial support for the child (see Domestic Relations Law § 111 [1] [d]; *Matter of Cassandra Tammy S. [Babbah S.]*, 89 AD3d 540, 540 [2011]). The failure of the mother or her sister to notify the father of his support obligation did not excuse him from providing such support (*Cassandra Tammy S.*, 89 AD3d at 540).

The father has not provided any evidence to support his assertion that he was unable to provide financial support for the child. Nor has he presented evidence that the Surrogate's Court was biased or otherwise mishandled the adoption or guardianship proceedings. Indeed, the father voluntarily consented to withdraw his Family Court petition and proceed in Surrogate's Court. The Surrogate's Court had no obligation to inform him of the guardianship petition filed by petitioner upon the death of the child's mother. In addition, the Surrogate's Court expressly noted that the father has the right to be heard at the dispositional hearing regarding the best interests of the child (see Domestic Relations Law § 111-a [2] [a]; [3]).

We have considered the father's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.