■ In the Matter of NYRIE W. and Others, Children Alleged to be Abused and/or Neglected. PAUL M., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [974 NYS2d 70]—

Order of fact-finding and disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about March 29, 2011, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, found that respondent father had sexually abused his daughter Nyrie W., derivatively abused his daughter Porscha M., and derivatively neglected his sons Damar M., Dmitri M. and Donovan M., unanimously affirmed, without costs.

The Family Court's finding that the father had sexually abused his daughter Nyrie was supported by a preponderance of the evidence (Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]). Nyrie's

out-of-court statements to caseworkers that her father had raped her on five occasions were corroborated by North Central Bronx Hospital's records (see § 1046 [a] [vi]). Those records were properly certified and contained the requisite delegation of authority (see § 1046 [a] [iv]). Nyrie also made statements to caseworkers that her father would enter the bathroom while she was showering and tell her she had to wash her private parts only. Her statements were adequately corroborated by the statements her siblings made to the caseworkers (see Matter of Tiara G. [Cheryl R.], 102 AD3d 611, 612 [1st Dept 2013], lv denied 21 NY3d 855 [2013]).

The derivative findings of abuse of Porscha and neglect of Damar, Dmitri and Donovan were also supported by a preponderance of the evidence (see Family Ct Act § 1046 [a] [i]). The evidence of the father's multiple rapes of Nyrie "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]). The derivative findings of abuse and neglect were further supported by evidence that some of the children were in the father's apartment while he raped Nyrie (see Matter of Brandon M. [Luis M.], 94 AD3d 520, 520-521 [1st Dept 2012]).

We reject the father's claim that he was denied effective assistance of counsel. His counsel's failure to object to the admissibility of medical records from Jacobi Medical Center did not prejudice him, as those records were not necessary to find, by a preponderance of the evidence, that he had abused Nyrie (cf. Matter of Cassandra Tammy S. [Babbah S.], 89 AD3d 540, 541 [1st Dept 2011]; Matter of Chaquill R., 55 AD3d 975, 977 [3d Dept 2008], lv denied 11 NY3d 715 [2009]).

We have considered the father's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.