■ In the Matter of R. CHILDREN. RONALD R. et al., Respondents; HEATH R. et al., Appellants. [989 NYS2d 893]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, the putative father and biological mother of the subject children separately appeal from an order of the Family Court, Kings County (Ruiz, J.), dated April 5, 2013, which, in effect, granted the motion of the prospective adoptive parents to confirm a report of a Judicial Hearing Officer (Ross, J.H.O.) dated October 19, 2012, which, after a hearing, determined that they are not persons whose consent to the adoptions of the subject children are required pursuant to Domestic Relations Law § 111 and, in effect, denied their respective cross motions to disaffirm the report.

Ordered that the order is affirmed, without costs or disbursements.

The putative father's consent to the adoption of the subject children was not required, since he admitted that he never provided financial support for the children (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Giovannie Sincere M. [Dennis M.]*, 99 AD3d 635 [2012]; *Matter of Vanessa B. [Lebert Charles C.]*, 76 AD3d 912 [2010]). The failure of the prospective adoptive parents to request financial support did not excuse him from fulfilling this obligation (*see Matter of Katharine [Claire G.—Edward K.]*, 93 AD3d 503 [2012]; *Matter of Cassandra Tammy S. [Babbah S.]*, 89 AD3d 540 [2011]; *Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689 [2010]).

Additionally, the biological mother's consent to the adoption of her children was not required because the record establishes that although able to do so, she failed to maintain contact with the children for a period of six months prior to the filing of the petition, thereby evincing an intent to forgo her parental rights and obligations with respect to the children (*see* Domestic Relations Law § 111 [2] [a]; *Matter of Tiara G. [Theresa G.—Norman A.]*, 73 AD3d 920 [2010]; *Matter of Anonymous*, 20 AD3d 562, 563 [2005]). Indeed, the biological mother's only contact with the children during this relevant period was an occasional telephone call, and such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment (*see* Domestic Relations Law § 111 [6] [b]; *Matter of Patrick D.*, 52 AD3d 1280, 1280-1281 [2008]).

The appellants' remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.