■ In the Matter of ADRIANNA. DOMINICK I. et al., Respondent; JESSICA F., Appellant. [42 NYS3d 298]—

Appeal by the mother from an order of the Family Court, Orange County (Carol S. Klein, J.), dated September 17, 2015.

The order, insofar as appealed from, after a fact-finding hearing, determined that the mother had abandoned the subject child and that, based upon such abandonment, her consent to the adoption of the child was not required.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners filed a petition to adopt the subject child, Adrianna. They alleged that Adrianna had been residing with them and that the consent of Adrianna's mother to the adoption was not required because the mother had abandoned Adrianna.

Under Domestic Relations Law § 111 (2) (a), consent to adoption is not required of a parent who evinces an intent to forgo his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person having legal custody of the child although able to do so (see Domestic Relations Law § 111 [2] [a]; Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d 1130 [2015]; Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d 920 [2010]; Matter of Anonymous, 20 AD3d 562 [2005]; Matter of Taylor O.P., 303 AD2d 1024 [2003]; Matter of James Q., 240 AD2d 841 [1997]). Here, the petitioners met their burden of establishing abandonment by clear and convincing evidence (see Matter of Anonymous, 20 AD3d 562 [2005]; Matter of Shaolin G., 277 AD3d 312 [2000]). The evidence established that the mother failed to see Adrianna for five years, failed to financially support her, sent her only three cards during that five-year period, and did not otherwise seek to maintain any contact with her. Under these circumstances, the petitioners met their burden of establishing that the mother had abandoned Adrianna (see Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d 1130 [2015]; Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d 920 [2010]; Matter of Anonymous, 20 AD3d 562 [2005]; Matter of Taylor O.P., 303 AD2d 1024 [2003]; Matter of James Q., 240 AD2d 841 [1997]).

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly determined that the mother had abandoned Adrianna and that, based upon such abandonment, her consent to the adoption of Adrianna was not required. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.