Matter of Jahnya (Cozbi C.--Camesha B.) (2020 NY Slip Op 07189)





Matter of Jahnya (Cozbi C.--Camesha B.)


2020 NY Slip Op 07189


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-03041 
2019-03053
 (Docket Nos. A-11980-15, V-1727-16)

[*1]In the Matter of Jahnya (Anonymous). Cozbi C. (Anonymous), et al., petitioners-respondents; Camesha B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Camesha Barton, appellant, Amilcar Cabrera, et al., respondents-respondents, et al., respondent. (Proceeding No. 2) Jeffrey C. Bluth, New York, NY, for appellant.


Rosin Steinhagen Mendel PLLC, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondents in Proceeding No. 1 and respondents-respondents in Proceeding No. 2.
Tennille M. Tatum-Evans, New York, NY, attorney for the child.



DECISION & ORDER
In an adoption proceeding and a related proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated October 15, 2018, and (2) an amended order of the same court dated October 31, 2018. The order and the amended order, insofar as appealed from, after a hearing, in effect, dismissed the mother's custody petition and determined that the mother's consent to the adoption of the subject child was not required.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the amended order; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
In 2015, Cozbi C. and Amilcar C. (hereinafter together the petitioners) filed a petition to adopt the subject child, alleging, inter alia, that the mother's consent was not required because she had abandoned the child. In 2016, the mother filed a petition seeking custody of the child, alleging that the petitioners obtained custody of the child when the mother allowed the child to live with them temporarily. The Family Court held a combined hearing on the adoption petition and the custody petition. After four days of testimony between August 2017 and October 2017 on the adoption petition, the petitioners rested. On November 27, 2017, the mother completed the first day of her direct testimony on the custody petition, but she failed to appear on July 18, 2018, the second hearing day on the custody petition. The court denied the request of the mother's attorney for an [*2]adjournment and granted the application of the petitioners and the attorney for the child to strike the mother's testimony. In an amended order dated October 31, 2018, the court, in effect, dismissed the mother's custody petition and determined that the petitioners had proven, by clear and convincing evidence, that the mother's consent to the adoption was not required because she had abandoned the child. The mother appeals.
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her attorney's request for an adjournment on July 18, 2018, the second hearing day on her custody petition. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651; see Matter of Demetrious L.K. [James K.], 157 AD3d at 797; Matter of Tripp, 101 AD3d 1137, 1138). Here, the mother failed to appear on July 18, 2018, when the case was called, claiming through her attorney that she was currently in the area and was looking for parking. The court properly weighed the mother's right to an adjudication on the merits against the child's need for permanency by noting that the mother had been frequently late and/or absent from prehearing appearances and that the mother had failed to appear for two of the four hearing dates on the petitioners' adoption petition, despite sending word that she was en route and would appear. Furthermore, while the court denied the request for an adjournment, it stated that it would revisit the issue if the mother did appear late. However, even after 1½ hours past the scheduled time for the second hearing day on her custody petition, the mother had not appeared.
We agree with the Family Court's conclusion that the mother's absence on the second hearing day precluded cross-examination of her direct testimony and its determination to strike the mother's testimony (see Schwartz v 38 Town Assoc., 187 AD2d 377, 377; Diocese of Buffalo v McCarthy, 91 AD2d 213, 220).
Contrary to the mother's contention, the petitioners met their burden of establishing, by clear and convincing evidence, that she abandoned the child, and thus, that her consent to the adoption was not required (see Domestic Relations Law § 111[2][a]; Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d 1130, 1131; Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d 920; Matter of Luke, 65 AD3d 550). Under Domestic Relations Law § 111(2)(a), consent to adoption is not required of a parent who evinces an intent to forego his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person having legal custody of the child although able to do so (see Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d at 1131). Here, the evidence established that between September 2013 and July 2015, when the adoption petition was filed, there were no visits between the mother and the child except for one visit in September 2013 on the mother's birthday, the mother did not send any cards or letters to the child, and the mother made no calls asking about the child's well-being.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.

2019-03041 DECISION & ORDER ON MOTION
2019-03053
In the Matter of Jahnya (Anonymous).
Cozbi C. (Anonymous), et al., petitioners-respondents;
Camesha B. (Anonymous), appellant, et al., respondent.
(Proceeding No. 1)
In the Matter of Camesha Barton, appellant, v Amilcar
Cabrera, et al., respondents-respondents, et al., respondent.
(Proceeding No. 2)
(Docket Nos. A-11980-15, V-1727-16)

Motion by Cozbi C. and Amilcar C. to dismiss appeals from an order of the Family Court, Kings County, dated October 15, 2018, and an amended order of the same court dated October 31, 2018, on the ground that no appeals lie from orders entered upon the default of the appealing party. By decision and order on motion of this Court dated June 17, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is denied.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court