Matter of Joseph (Amy K.--Joseph A. S.) (2021 NY Slip Op 02798)





Matter of Joseph (Amy K.--Joseph A. S.)


2021 NY Slip Op 02798


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-14500
 (Docket Nos. A-1865-19, V-2505-10/19M)

[*1]In the Matter of Joseph (Anonymous). Amy K. (Anonymous), petitioner-respondent, et al., petitioner; Joseph A. S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Joseph A. Scalia, appellant, Amy Knox, respondent. (Proceeding No. 2.)


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Kevin M. MacKay, Poughkeepsie, NY, for petitioner-respondent in Proceeding No. 1 and respondent in Proceeding No. 2.
Thomas M. Gambino, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In an adoption proceeding and a related proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated November 18, 2019. The order, after a hearing, denied the father's petition for parental access and determined that the father's consent to the adoption of the subject child was not required.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2019, the mother and her husband filed a petition seeking to adopt the subject child, alleging that the father's consent to the adoption was not required because he had abandoned the child. Shortly thereafter, the father filed a petition seeking parental access with the child. After a hearing, the Family Court denied the father's petition and determined that the father's consent to the adoption of the child was not required. The father appeals.
Under Domestic Relations Law § 111(2)(a), consent to adoption is not required of a parent who evinces an intent to forego his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person having legal custody of the child although able to do so (see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 826; Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d 1130, 1131).
Here, the father's consent to the adoption of the child was not required because the record established, by clear and convincing evidence, that the father failed to maintain contact with the child for a period of six months prior to the filing of the adoption petition, although able to do so, thereby evincing an intent to forgo his parental rights and obligations with respect to the child [*2](see Domestic Relations Law § 111[2][a]). Among other things, the evidence established that the father—who, at the time of the hearing, owed substantial child support arrears—had moved to Tennessee, and later to Florida, without informing the child, failed to contact the child since approximately December 2017, sent only two emails to the mother seeking to reestablish contact in July 2018, and did not send the child any gifts or holiday cards or inquire about his school, health, or extracurricular activities. Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment (see Matter of Adrianna [Dominick I.—Jessica F.], 144 AD3d 1145; Matter of R. Children [Ronald R.—Heath R.], 119 AD3d 947, 948). Nor does the father's struggle with alcohol and drug addiction explain or excuse his failure to maintain any contact with the child for such a prolonged period of time (see Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d 920).
Accordingly, the Family Court properly determined that the father's consent to the child's adoption was not required, and properly denied the father's petition for parental access (see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d at 826; Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d at 921).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court