Matter of Prinzivalli v Kaelin (2021 NY Slip Op 06849)





Matter of Prinzivalli v Kaelin


2021 NY Slip Op 06849


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-01100
2021-01101
2021-01102
 (Docket Nos. A-05009-19, A-05010-19, V-05365-16/19A, V-05366-16/19A)

[*1]In the Matter of Benjamin Michael Prinzivalli, appellant, 
v
Dayna M. Kaelin, et al., respondents (and other titles).


Joseph Petito, Poughkeepsie, NY, for appellant.
Ostertag O'Leary Barrett & Faulkner, Poughkeepsie, NY (Sharon M. Faulkner of counsel), for respondents.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.



DECISION & ORDER
In two contested private placement adoption proceedings pursuant to Domestic Relations Law article 7, the father appeals from (1) an order of fact-finding of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated November 20, 2020, (2) an order of dismissal of the same court, also dated November 20, 2020, and (3) an order of dismissal of the same court, also dated November 20, 2020. The order of fact-finding, after a fact-finding hearing, found that the father's consent to the adoption of the subject children was not required and that he had abandoned the children. The orders of dismissal, upon the order of fact-finding, dismissed the father's petitions for parental access with the children for lack of standing.
ORDERED that the order of fact-finding and the orders of dismissal are affirmed, without costs or disbursements.
The subject children, whose parents were never married, were four and six years old at the time private placement adoption proceedings were commenced, in 2019. The father had temporary custody of the subject children for an approximately four-month period in 2016. In the fall of that year, however, when the children were two and three years old, the father was arrested on burglary charges. The Family Court granted the maternal grandmother's petition for custody of the children. The father consented to the custody and parental access order.
In March 2017, the grandmother filed a family offense petition against the father. In connection with that proceeding, the grandmother obtained an order of protection against the father that remained in effect for two years, until March 2019. The order, which was issued upon the father's default in appearing, prohibited him from having any contact with the grandmother and the children.
The father was incarcerated between May 2017 and July 2019, as a result of a parole violation. In August 2019, following his release from prison, the father petitioned for parental access with the children. In November 2019, the maternal grandmother and her husband (hereinafter together the petitioners) filed a petition, pursuant to section 115 of the Domestic Relations Law, to adopt the children.
After a fact-finding hearing, the Family Court determined that the father's consent to the adoption of the children was not required (see Domestic Relations Law § 111[1][d]) and that he had abandoned them in any event (see id. § 111[2][a]), and, therefore, their proposed adoption by the petitioners could proceed. The court also dismissed the father's parental access petitions for lack of standing. The father appeals.
As an initial matter, we reject the father's contention that the Family Court did not acquire personal jurisdiction over him (see Matter of Puyi Tam v Lubatkin, 164 AD3d 802, 803; Matter of Sofia S.S. [Goldie M.-Elizabeth C.], 145 AD3d 787, 788).
Pursuant to Domestic Relations Law § 111(1)(d), the biological father's consent to the proposed adoption of a child born out of wedlock and placed for adoption more than six months after the child's birth is not required unless the father "maintained substantial and continuous or repeated contact with the child as manifested by payment of reasonable child support and either monthly visitation or regular communication with the subject children or custodian" (Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624 [internal quotation marks omitted]; see Matter of J'Adore [Everald E.-Devon F.], 188 AD3d 1059, 1060). "Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is sufficient to warrant a finding that his consent to the proposed adoptions is not required" (Matter of Mikai R. [Ralph R.], 166 AD3d at 624).
Here, the father did not establish that his consent to the children's adoption was required (see Matter of Ramal M., Jr. [Ramal M.], 172 AD3d 1067, 1069). The father failed to establish that he maintained substantial and continuous contact with the children through the payment of support and either regular visitation or other communication with them or the grandmother (see Matter of D. [Juan P.-Darren M.], 164 AD3d 1237, 1238). The father's incarceration did not absolve him of the responsibility to maintain regular contact with the children and to provide financial support for them (see Matter of Yamilette M.G. [Marlene M.], 118 AD3d 698, 699), nor did the order of protection that was in effect for two years (see Matter of Felix M., 9 AD3d 432, 433; Matter of Dominique P., 24 AD3d 335, 336). That order was issued upon the father's default at a time when he was not incarcerated, and regardless, as the Family Court pointed out, the father never moved to modify the order to permit contact with the children (see Matter of Dominique P., 24 AD3d 335, 336). Moreover, the father acknowledged that during the six-month period that preceded the issuance of the order of protection, he did not contribute any child support to the grandmother; nor did he do so after the order expired.
Although the Family Court was presented with conflicting testimony regarding the alleged interference of the petitioners with the father's relationship with the children, the court resolved the competing credibility issues in favor of the petitioners, and we see no basis to disturb that determination.
Accordingly, the Family Court properly determined that the father's consent to the children's adoption was not required. Consequently, his parental access petitions were properly dismissed (see Matter of Michelle N. v Sandra N., 79 AD3d 753, 753; Matter of Kevin W. v Monique T., 38 AD3d 672, 673).
In light of the foregoing, we need not address the father's contentions regarding the Family Court's finding that he abandoned the children (see Matter of Andrew Peter H.T., 64 NY2d 1090, 1091).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court