Matter of Katie M. T.-J. v Jemel D. T. (2022 NY Slip Op 03512)





Matter of Katie M. T.-J. v Jemel D. T.


2022 NY Slip Op 03512


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-01331
 (Docket No. P-2474-19)

[*1]behalf of Katie M. T.-J. (Anonymous), respondent,
v
Jemel D. T. (Anonymous), appellant.


Michael E. Lipson, Jericho, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (John Moore and Jonathan Popolow of counsel), for respondent.
Anne M. Serby, Long Beach, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Jemel D. T. appeals from an order of filiation of the Family Court, Queens County (Connie Gonzalez, J.), dated January 30, 2020. The order, after a hearing on the issue of equitable estoppel, adjudicated Jemel D. T. to be the father of the subject child.
ORDERED that the notice of appeal from the order of filiation is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order of filiation is affirmed, without costs or disbursements.
In February 2019, the Commissioner of Social Services commenced this paternity proceeding pursuant to Family Court Act article 5, inter alia, to adjudicate the appellant to be the father of the subject child. The appellant denied paternity and made an application for a DNA test. After several adjournments, a hearing was scheduled for January 30, 2020, to determine if equitable estoppel should preclude the DNA test. The appellant failed to appear in court on the day of the hearing. Reached by telephone, the appellant claimed that he had misapprehended the date for the hearing and requested that the Family Court adjourn the hearing so that he could personally appear. The court denied the appellant's request and proceeded with the hearing, during which the appellant was permitted to appear by telephone while his attorney represented him in the courtroom. In an order dated January 30, 2020, the court denied the appellant's application for DNA testing. In an order of filiation, also dated January 30, 2020, the court adjudicated the appellant to be the father of the subject child. The appellant appeals from the order of filiation, challenging the denial of his application to adjourn the equitable estoppel hearing.
The granting of an adjournment for any purpose rests within the sound discretion of the Family Court upon a balanced consideration of all relevant factors (see Matter of Steven B., 6 NY3d 888, 889; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841). The determination to grant [*2]or deny an adjournment will not be overturned absent an improvident exercise of discretion (see Matter of Anthony M., 63 NY2d 270, 283-284; Matter of Logan R. [Manuel R.], 168 AD3d 946, 947). Here, contrary to the appellant's contention, the court did not improvidently exercise its discretion in denying his application to adjourn the equitable estoppel hearing after he failed to personally appear. The court previously had accommodated multiple requests by the appellant for the assignment of new counsel, which had caused delays in the proceedings (see Matter of Logan R. [Manuel R.], 168 AD3d at 947). Moreover, the appellant had a history of nonappearance for other court dates (see Matter of Nicholas S., 46 AD3d 830, 831; Matter of Starcy G., 13 AD3d 532, 533), and failed to offer a satisfactory explanation for his absence on the scheduled hearing date (see Matter of Kinara C. [Jerome C.], 89 AD3d at 841). Under these circumstances, the court acted within its discretion in denying the appellant's adjournment request, proceeding with the hearing, and allowing the appellant to participate by telephone while his attorney was present in the courtroom (see Matter of Bartosz B. [Andrzej B.], 187 AD3d 894, 896).
The appellant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court