Matter of Liliana (Kristal L. L.--Jamie L. J.) (2023 NY Slip Op 00421)

Matter of Liliana (Kristal L. L.--Jamie L. J.)

2023 NY Slip Op 00421

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2022-00803
 (Docket No. A-1282-21)

[*1]In the Matter of Liliana (Anonymous). Kristal L. L. (Anonymous), et al., respondents; Jamie L. J. (Anonymous), appellant.

Carol L. Kahn, New York, NY, for appellant.
Joseph Petito, Poughkeepsie, NY, for respondents.
Donna M. Genovese, White Plains, NY, attorney for the child.

DECISION & ORDER
In an adoption proceeding, the mother appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated January 13, 2022. The order, after a hearing, determined that the mother's consent to the adoption of the subject child was not required.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was born in April 2018. In August 2018, the mother appointed Kristal L. L. as the child's temporary guardian. In an order dated April 18, 2019, the Family Court, upon the mother's default, awarded Kristal L. L. sole legal and physical custody of the child, subject to the mother's having parental access in Dutchess County "as the parties can agree." In June 2021, Kristal L. L. and her husband (hereinafter together the petitioners) filed an amended petition to adopt the child, alleging, inter alia, that pursuant to Domestic Relations Law § 111(2)(a), the mother's consent to adoption was not required. After a hearing, the court determined that the mother had abandoned the child and that the mother's consent to the adoption of the child therefore was not required. The mother appeals.
Contrary to the mother's contention, the petitioners met their burden of establishing, by clear and convincing evidence, that the mother abandoned the child and that the mother's consent to adoption therefore was not required (see id.; Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 825-826; Matter of Tyler [Tudian C.P.—Tyler S.O.], 134 AD3d 1130, 1131; Matter of Tiara G. [Theresa G.—Norman A.], 73 AD3d 920, 920-921; Matter of Luke, 65 AD3d 550, 551). Under Domestic Relations Law § 111(2)(a), consent to adoption is not required of a parent who evinces an intent to forego his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person having legal custody of the child although able to do so (see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d at 826). [*2]Here, the evidence presented at the hearing established that between August 2018 and June 2021, when the amended petition was filed, there were no visits between the mother and the child. Moreover, the mother had not sent any cards, letters, or gifts to the child, and had not spoken to or had video contact with the child since August 2019. Since August 2019, the mother's communication had been mainly limited to requesting that the petitioners send photos of the child, and such insubstantial contact is insufficient to preclude a finding of abandonment (see Domestic Relations Law § 111[6][b]; Matter of R. Children [Ronald R.—Heath R.], 119 AD3d 947, 948). Furthermore, contrary to the mother's contention, the evidence did not establish her payment of a fair and reasonable sum toward the support of the child (see Domestic Relations Law § 111[6][d]).
Accordingly, the Family Court properly determined that the mother had abandoned the child and that the mother's consent to the adoption of the child therefore was not required.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court