Matter of Ryan (Timothy A.) (2023 NY Slip Op 02010)

Matter of Ryan (Timothy A.)

2023 NY Slip Op 02010

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-02603
 (Docket No. A-1673-20)

[*1]In the Matter of Ryan (Anonymous). Jessica D. (Anonymous), et al., respondents; Timothy A. (Anonymous), appellant.

Kelley M. Enderly, Poughkeepsie, NY, for appellant.
Ronald J. McGaw, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In an adoption proceeding, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated April 4, 2022. The order, after a hearing, determined that the father's consent to the adoption of the subject child was not required.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was born in March 2017. The child's mother was killed in November 2018, and criminal proceedings were commenced against the father in connection with the death of the mother. The petitioners, who are the child's maternal aunt and uncle, have had custody of the child since March 2019. In April 2021, the father was convicted of murder in the second degree for the killing of the mother.
In June 2020, the petitioners filed a petition to adopt the child, alleging, inter alia, that pursuant to Domestic Relations Law § 111(2)(a), the father's consent to adoption was not required. After a hearing, which was held after the father's request for an adjournment was denied, the Family Court determined that the father had abandoned the child and that the father's consent to the adoption of the child therefore was not required. The father appeals.
"The granting of an adjournment for any purpose rests within the sound discretion of the Family Court upon a balanced consideration of all relevant factors" (Matter of Katie M.T.-J. v Jemel D.T., 206 AD3d 651, 652; see Matter of Steven B., 6 NY3d 888). "The determination to grant or deny an adjournment will not be overturned absent an improvident exercise of discretion" (Matter of Katie M.T.-J. v Jemel D.T., 206 AD3d at 652; see Matter of Anthony M., 63 NY2d 270, 283-284). Contrary to the father's contention, under the circumstances, the Family Court did not improvidently exercise its discretion in denying the father's request for an adjournment of the scheduled hearing, which was made on the date of the hearing (see Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 829; Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717; [*2]Matter of N. [Fania D.-Alice T.], 108 AD3d 551, 552-553).
Furthermore, the petitioners met their burden of establishing, by clear and convincing evidence, that the father abandoned the child, and that the father's consent to the adoption therefore was not required (see Matter of Liliana [Kristal L.L.-Jamie L.J.], 213 AD3d 665, 665-666). Pursuant to Domestic Relations Law § 111(2)(a), consent to adoption is not required of a parent who evinces an intent to forego his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person having legal custody of the child although able to do so (see Matter of Jahnya [Cozbi C.-Camesha B.], 189 AD3d 824, 826; Matter of Tyler [Tudian C.P.-Tyler S.O.], 134 AD3d 1130, 1131). Here, the evidence at the hearing established that the father had no contact with the child since 2018. The father's incarceration did not absolve him of the responsibility to maintain contact with the child (see Matter of Prinzivalli v Kaelin, 200 AD3d 781, 782-783). In addition, the evidence established that between March 2019, when the petitioners obtained custody of the child, and March 2022, when the hearing occurred, the father did not send any letters or gifts to the child or provide any financial support (see Matter of Adrianna [Dominick I.-Jessica F.], 144 AD3d 1145, 1146).
Accordingly, the Family Court properly determined that the father abandoned the child and that the father's consent to the adoption of the child therefore was not required.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court