Matter of J. (Sarajoy V.--Ryan G.) (2023 NY Slip Op 03789)

Matter of J. (Sarajoy V.--Ryan G.)

2023 NY Slip Op 03789

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-00942
 (Docket No. A-117-19)

[*1]In the Matter of J. (Anonymous). Sarajoy. (Anonymous), respondent; Ryan G. (Anonymous), appellant.

Donna B. Swanson, Massapequa, NY, for appellant.
Morici & Morici, LLP, Garden City, NY (Paul R. Pepper of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In an adoption proceeding, the father appeals from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated January 5, 2022. The order, after a hearing, found that the father abandoned the subject child and that his consent to the adoption of the child was not required.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
In April 2011, the subject child was born, while his parents were married. In June 2016, the child's father was arrested and incarcerated. In 2017, the father was convicted and sentenced to an indeterminate term of imprisonment of 6 to 18 years. The child's mother and father divorced in August 2016. The mother subsequently remarried.
In August 2020, the mother and her current husband filed a petition seeking to have the current husband adopt the child, alleging, inter alia, that, pursuant to Domestic Relations Law § 111(2)(a), the father's consent to adoption was not required. After a hearing, the Family Court determined that the father had abandoned the child and that his consent to the adoption of the child was not required. The father appeals.
The petitioners met their burden of establishing, by clear and convincing evidence, that the father abandoned the child, and that his consent to the adoption was not required (see Matter of Ryan [Jessica D.-Timothy A.], 215 AD3d 857; Matter of Liliana [Kristal L.L.-Jamie L.J.], 213 AD3d 665, 665-666). Pursuant to Domestic Relations Law § 111(2)(a), consent to adoption is not required of a parent who evinces an intent to forego his or her parental rights and obligations by his or her failure for a period of six months to contact or communicate with the child or the person [*2]having legal custody of the child although able to do so (see Matter of Ryan [Jessica D.-Timothy A.], 215 AD3d 857; Matter of Jahnya [Cozbi C.-Camesha B.], 189 AD3d 824, 826). Here, the evidence at the hearing established that the father had no contact with the child since 2016. The father's incarceration did not absolve him of the responsibility to maintain contact with the child (see Matter of Ryan [Jessica D.-Timothy A.], 215 AD3d 857; Matter of Prinzivalli v Kaelin, 200 AD3d 781, 782-783). In addition, the evidence established that between 2016 and 2021, when the hearing occurred, the father did not send any letters or gifts to the child or provide any financial support (see Matter of Ryan [Jessica D.-Timothy A.], 215 AD3d 857; Matter of Adrianna [Dominick I.-Jessica F.], 144 AD3d 1145, 1146).
Accordingly, the Family Court properly found that the father abandoned the child and that his consent to the adoption of the child was not required.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court